#4  Case 2:20-cv-00478-CB   Document 1   Filed 04/06/20   Page 1 of 11   1545

FILED
APR 06 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Sum. Issued

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENDRAIL TREMAINE BANKS©** <br> **Kendail Banks** <br><br> **Plaintiff,** <br><br> v. <br><br> **THE CITY OF PITTSBURGH, and SGT. BRIAN ELLEDGE,** <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Jury Demand <br><br><br><br> No.: 2:20-CV-478 |

## COMPLAINT

1. This is an action for Declaratory judgment and money damages brought under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution against BRIAN ELLEDGE Shield No. 3419 and the City of Pittsburgh POLICE DEPARTMENT

the officer who committed the acts complained of herein. Plaintiff allegedly claims that the Pittsburgh Police Department must have a custom, pattern, practice, and, or policy of authorizing its officers to

issue citation and, or seize private citizens property for not registering with state. Plaintiff further alleges that the Pittsburgh Police Department failed to appropriately train and/or discipline its officers who seize and unlawfully restrain property of private citizens illegally. Pursuant to this custom, pattern, practice, policy, and failure to appropriately train and/or discipline, Sgt. Elledge who unlawfully seized, with bias Plaintiffs property based solely on Plaintiff's property not being registered under state law.

## **JURISDICTION**

2. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. This Court has jurisdiction to issue the requested declaratory relief pursuant to
28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

3. Plaintiff KENDRAIL TREMAINE BANKS©, is a person pursuant to §26 U.S 7701(a). Plaintiff Kendail Banks is the trustee pursuant to 11 U.S.C 101(29), Under Common Law protected by article 1 section 10 of the United States Constitution.

4. Defendant, City of Pittsburgh, is a municipal political subdivision entity organized under the laws of Pennsylvania, with its main offices located at 414 Grant Street, Pittsburgh, Allegheny

County, Pennsylvania 15219. The Pittsburgh Police Department has a legal duty with responsibility to operate according to the laws of the United States Constitution, the United States, and Common Wealth Constitution of Pennsylvania including, but not limit to its Consolidated Statues.

5.   Defendant Sgt. ELLEDGE is a police officer employed by and acting under the authority of the Pittsburgh Police Department. Plaintiff names Sgt. ELLEDGE in his individual capacity.

6.   The Defendants acted under color of state law At All Relevant times, Defendant Sgt. Elledge acted within the scope of his employment by Defendant, City of Pittsburgh Police Department.

2

## GENERAL ALLEGATIONS

**A. Events Leading to Sgt. Elledge's Unlawful Seizure of Plaintiff Property**

7. On March 22, 2020 Kendail Banks decided to visit Pittsburgh for takeout food and enjoy nature during the corona virus epidemic.

8.   Upon arrival in Pittsburgh Plaintiff realized a lot of business had a slim chance of operating regular business hours during this time, but he proceeding to his desired location.

9.      Plaintiff arrived at state Point State Park and noticed very few people and cars parked on the streets which was an indication that parking would be convenient to find briefly.

10.     Plaintiff parked his car directly behind another car on the street facing the food grill location across from the stadium.

11.     Plaintiff began walking toward the restaurant to see if it was open for business to find it wasn't open and decided to observe the nature scenes at the park for 10 minutes before walking toward his car.

12.     As Plaintiff walked back to his car he noticed Sgt. Elledge behind his care holding a clip board attempting to issue citation Plaintiff ask what's the problem? Officer responded you cant Park here I'm towing this car it's not registered it has to be registered Sgt Elledge stated.

13.     Plaintiff explained he is moving the car and he's does not live in Pittsburgh and his right to private property does not and will not be registered to any state. Also stating he lives in Ohio and came to get food briefly.

14.     Sgt. Elledge ignored Plaintiff and proceeded with the tow. Plaintiff proceeded to call 911 and informed them an officer was unlawfully stealing his private property.

15. Plaintiff gave Sgt Elledge verbal notice of what he was unlawfully doing and by showing the documents that the property has been voluntarily unregistered signed by clerks DMV under state law. The officer ignored all of the plaintiff defenses from protecting his property, subjecting it to be seized and leaving Plaintiff abandoned in a foreign city.

3

### B. Unlawful Criminal Offense

16. Sgt. Elledge allegedly committed larceny pursuant to 10 U.S 921 Art. 121 Unlawfully seizing Plaintiff personal property claiming "it's not registered" with the state and in order to get it released from tow it must be registered. Title 75 Vehicles section §1303 of Pennsylvania Statues (a) General rule states: a non-resident owner of any foreign vehicle may operate or permit the operation of the vehicle within this common wealth without registering the vehicle or paying any fees.

17. Men are endowed by their creator with unalienable rights, life, and pursuit of happiness and to secure not grant or create these rights governments are instituted. The property which a man has honestly acquired he retains full control of; second if he devotes it to the public use, he gives to the public a right to

control that use; and third, that whenever the public needs require, the public may take it upon payment of due compensation Budd v. People of State of New York, 143 U.S 517 (1892).

18. There should be no arbitrary deprivation of life or liberty, or spoliation of property (police power Due process) Barber v. Connolly, 113 U.S 27. 31; Yick Wo v. Hopkins 118 U.S 356 (1886).

19. Sgt Elledge acted with personal bias toward the Plaintiff, acted under color of law exceeding his duty to the public trust seizing Plaintiff property in a foreign place, after being confronted by the plaintiff with law and relevant documentation.

20. Plaintiff believes Sgt Elledge actions couldn't not be justified when there were other options available that could have been agreed upon between defendants and Plaintiff, options other than seizing, restraining him from defending for his life, liberty, and property during a difficult time the country is facing with Corona Virus.

21. Plaintiff made an attempt while the car was in possession of Mc Gann & Chester Towing Service to dial 911 to inform them his property is being unlawfully stolen by an officer of Pittsburgh, they did not send any help. After the Plaintiff Property was hauled off and officer Elledge departed the incident Plaintiff began walking for help.

22. A K-9 unit female officer was in the area Plaintiff explained briefly what happened and why it happened she basically agreed with officer Elledge decision to seize property because not registered with state.

23. **On March 22, 2020 The Defendants of the Allegheny County District**

a. Violation of his rights under the fourth, fifth and fourteen Amendment to the United States Constitution, as applied to the states and public officials.

b. Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from an unreasonable search and seizure of his person;

c. Violation of his rights fourth amendment right of the people to be secure in their persons, houses, papers, and effect against unreasonable searches and seizures shall not be violated

d. Loss of his life liberty and property fifth and fourteen amendment without due process of law

e. Monetary loss of $195 release of property from impound (paid under protest) $500 for assistance to safety back to Ohio travel expenses and food.

f.  Larceny, Physical pain and suffering, emotional trauma, humiliation, Distress, and Duress.

Upon information and belief, the Pittsburgh Police Department, by contracting with Mc Gann & Chester Towing Service and virtue of custom patterns, practice, and policies, failing to appropriately inform and train them. The scheme authorizes its police officers and contracting affiliates to act in an unconstitutional fashion by enforcing their public duties and not respect the private sector.

24. On March 23, 2020 Plaintiff attempted to reclaim his property from the towing company after speaking with Pittsburgh head quarter police employee. Plaintiff submitted his documents proving interest in the property and its ownership. The towing company would not allow Plaintiff's property to be released without driver license registration, and insurance which is all "commerce terms" pursuant to title 49 Transportation subtitle VI, Chapter 303 of the U.S.C. These terms and incident did not apply to the Plaintiff as he explained to the Defendants and McGann & Chester employee. The Supervisor of McGann & Chester informed Plaintiff by "contract" the Pittsburgh police department require those three forms of evidence before release of property. Which is allegedly a compelling "scheme" inducing and compelling individuals into contract with States.

25. Upon information and belief, Defendant Pittsburgh Police Department's policymakers and officials are deliberately indifferent, fail to appropriately train, and, or discipline its officers and contractors disregarding the application and misinformed title 75 Vehicle Registration section 1303 statute respecting the people private property while engaging in constitutionally protected activity.

### Violation 1

26. Defendants' application of Pennsylvania's title 75 1301, 1302, and 1303 statute has been violated to unlawfully seize private property leaving plaintiff restrained in a foreign city during corona virus epidemic preventing Plaintiff from defending his person, life, liberty and property as needed.

### COUNT II

27. Sgt. Elledge's Larceny and bias deportment toward plaintiff without probable cause or reasonable justification violated his Fourth
Amendment right to be free from unreasonable searches and seizures without lawful, correct, and complete warrant as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

## COUNT III

28. Defendants' consistent practices and training programs to misinform their employees and contractors on the private sector in relation with "we the people"; has damaged Plaintiff without just compensation violating his Fifth Amendment right, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

29. **WHEREFORE**, Kendail Banks trustee has a security agreement obligation that must be fulfilled in that agreement a billing cost is assessed with levies, liens, and torts upon violations. Therefore Plaintiff is demanding $250,000.00 from Defendants and requests that this Honorable Court grant the following relief:

a. Enter a declaratory judgment that Defendants violated title 75 Chapter 13 of Pa Stat; acting under color of law injuring Plaintiff by seizing his secured private property without just compensation or probable cause.

b. Enter a declaratory judgment that the Defendants municipality corporation allegedly have a custom created contract with towing services with conveying patterns, practices, and/or policies, of violating the U.s constitution, Pa constitution, Pa Statutes last but not least the private sector in

which Plaintiff was clearly operating under at the time of this incident. Mc Ganna & Chester obligations to the Pittsburgh Police department would not allow Plaintiff to reclaim nor restore his property use to him the way it was prior to Sgt Elledge unlawfully encroachment and seizing it without providing, driver license, registration, and insurance "commercial terms".

c. Enter an award for compensatory damages against all Defendants, jointly and severally, and enter an award for punitive damages against Defendant Sgt. Elledge, in the amount listed according to the Plaintiffs Trust agreement Legal notice and demand, for any violation or penalty injured him, or trust property under common law.

*K. Bx* —Trustee
Kendail Banks Trustee
2840 Mahoning Youngstown
OH, near [44509]
Kenbanks72@gmail.com